IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| FREEDOM MORTGAGE CORPORATION, § § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. 5:19-cv-19 |
| § § | |
| RICHARD RAMIREZ, SHARON D. RAMIREZ, THE UNKNOWN HEIRS AT LAW OF FELIPE RAMIREZ, DECEASED AND THE UNKNOWN HEIRS AT LAW OF LILIA RAMIREZ, DECEASED, § § § § § § § § | |
| Defendants. § | |

## ORIGINAL COMPLAINT

Plaintiff Freedom Mortgage Corporation files this its *Original Complaint* against defendants Richard Ramirez, Sharon D. Ramirez, the Unknown Heirs at Law of Felipe Ramirez, deceased and the Unknown Heirs at Law of Lilia Ramirez, deceased, and shows the Court as follows:

### I.   PARTIES

1. Plaintiff Freedom Mortgage Corporation ("Freedom" or "Plaintiff") is the mortgagee of a loan agreement.

2. Felipe Ramirez was an obligor under the loan agreement who died on or about April 3, 2015. Lilia Ramirez (together with Felipe Ramirez, "Decedents") was also an obligor under the loan agreement who died on or about February 9, 2018. Upon information and belief, no probate is open for Decedents' estates in the county where the real property that it the subject of the lawsuit is located. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of the Decedents' estates. Pursuant to Texas Estates Code §§

101.001, 101.003, 101.151, and 201.003, the known and unknown heirs at law of Decedents acquired all of Decedents' estates immediately upon Decedents' deaths, including an undivided interest in Decedents' real property. Accordingly, each of Decedents' known and unknown heirs are made a party in this proceeding.

3. Defendant Richard Ramirez is the son and an heir of Decedents, and may be served with process at his residence at 18425 Rustling Ridge, San Antonio, Texas 78259; 8435 Trumpet Circle, Converse, Texas 78109; or at such other place as he may be found. Summons is requested.

4. Defendant Sharon D. Ramirez is the daughter and an heir of Decedent, and may be served with process at her residence at 8435 Trumpet Circle, Converse, Texas 78109, or at such other place as she may be found. Summons is requested.

5. Defendants the Unknown Heirs at Law of Felipe Ramirez, deceased and the Unknown Heirs at Law of Lilia Ramirez, deceased, are the unknown heirs at law of Decedents, to the extent they exist and have an interest in the subject property. *See* TEX. ESTATES CODE § 101.001. The unknown heirs may be served by publication. *See* TEX. R. CIV. P. 109, 111, 113 and FED. R. CIV. P. 4(e)(1). Summons is requested.

## II.    JURISDICTION AND VENUE

6. Plaintiff is the mortgagee of the loan agreement. Plaintiff is a New Jersey corporation with its principal place of business in New Jersey. As such, Plaintiff is a citizen of New Jersey for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

7. This Court has jurisdiction over this dispute under 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00. Due to Defendants' action or inaction, as alleged herein, Plaintiff, as mortgagee, has the right to foreclose a lien on the real property which secures the repayment of the loan agreement

debt. When seeking foreclosure of a lien securing the repayment of a debt, the outstanding amount owed on the debt is the amount in controversy. *Farmers Bank of Alexandria v. Hooff*, 32 U.S. 168, 170 (U.S. 1833). As of November 2, 2018, the total amount owed on the debt at issue was $93,361.40. Furthermore, attorney's fees are included in the amount in controversy. *See Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981). Plaintiff estimates that attorney's fees will be in excess of $20,000.00 through trial. Accordingly, the amount in controversy is well in excess of $75,000.00.

8. Venue is proper in this district and division, the United States District Court for the Western District of Texas, San Antonio Division, under 28 U.S.C. § 1391(b)(2) because the real property that is the subject of this action is situated in this district and division.

### III.   FACTS

9. On or about May 7, 2011, Decedents executed an Adjustable Rate Note in the principal amount of $108,928.00 ("Note") payable to Amerigroup Mortgage Corporation as lender on a loan secured by the real property commonly known as 8435 Trumpet Circle, Converse, Texas 78109 ("Property") and more particularly described as follows:

> LOT 15, BLOCK 49, ESCONDIDO CREEK SUBDIVISION, UNIT 2, ACCORDING TO THE PLAT THEREOF, RECORDED IN VOLUME 9565, PAGE 120, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS.

10. Concurrently with the Note, Decedents executed a Deed of Trust ("Security Instrument" and together with the Note, "Loan Agreement"), as grantor, granting Amerigroup Mortgage Corporation and its successors and assigns, a security interest in the Property. The Security Instrument is recorded as document number 20110084229 in the real property records of Bexar County, Texas. True and correct copies of the Note and Security Instrument are attached as Exhibits A and B.

11. Plaintiff is the holder of the Note, endorsed in blank, and beneficiary of the Security Instrument pursuant to an assignment recorded in the real property records of Bexar County, Texas as document number 20180189516.  A true and correct copy of the assignment of the Security Instrument is attached hereto as Exhibit C.  As the assignee of record, Plaintiff is the mortgagee of the Loan Agreement, as defined by Texas Property Code § 51.0001(4), and is authorized to enforce the lien through foreclosure.

12. On or about April 3, 2015, decedent Felipe Ramirez died. On or about February 9, 2018, decedent Lilia Ramirez died.  No probate was ever opened to administer Decedents' estates.  In accordance with Texas Estates Code §§ 101.001(b) and 101.051, Decedents' heirs acquired all of Decedents' interest in the Property immediately upon death, subject to the Loan Agreement debt owed to Plaintiff.

13. Though the defendant heirs were immediately vested with an interest in the Property when Decedents died and have had the use, benefit, and enjoyment of the Property since that time, they have not paid the Loan Agreement debt.  The Loan Agreement is currently due for the June 1, 2018 payment and all subsequent monthly payments.

14. On July 30, 2018, a notice of default and intent to accelerate with the required opportunity to cure was mailed by certified mail to Decedents' last known mailing address in accordance with the Loan Agreement and the Texas Property Code.  A true and correct copy of this notice is attached hereto as Exhibit D.  The default was not cured.  Through the filing of this complaint for foreclosure, the maturity of the debt is accelerated in accordance with the Loan Agreement and Texas law.

### IV. CAUSE OF ACTION – DECLARATION OF STATUTORY PROBATE LIEN

15. Plaintiff seeks a declaration from this Court that it has a statutory probate lien against Decedents' heirs' interest in the Property under the terms of the Loan Agreement and the following statutory authority:

   a. TEX. ESTATES CODE sections 101.001(b) and 101.051(b)(1), which state in pertinent part: "the estate of a person who dies intestate vests immediately in the person's heirs at law . . . subject to the payment of, and is still liable for the debts of the decedent, except as exempted by law[;]" and

   b. TEXAS TITLE EXAMINATION STANDARDS section 11.10, which states in pertinent part: "A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject to payment of debts, including federal estate taxes."

16. Through the statutory probate lien reserved in Texas Estates Code sections 101.001 and 101.151 and Texas common law, Plaintiff has an enforceable and superior lien against Decedents' heirs' interest in the Property. *Id.*; *see also Blinn v. McDonald*, 46 S.W. 787 (Tex.1898).

### V. CAUSE OF ACTION – NON-JUDICIAL FORECLOSURE

17. Due to the material breach of the Loan Agreement, Plaintiff seeks an order from this Court allowing it to enforce the Security Instrument and the statutory probate lien against the Property through non-judicial foreclosure pursuant to the terms of the Loan Agreement and Texas Property Code section 51.002 with respect to all defendants who are obligors of the Loan Agreement or acquired the Property subject to Decedents' debts.

### VI.     ALTERNATIVE CAUSE OF ACTION – JUDICIAL FORECLOSURE

18.     In the alternative to non-judicial foreclosure, Plaintiff seeks a judgment for judicial foreclosure of its lien interest in the Property.  Together with the judgment for judicial foreclosure, Plaintiff seeks the issuance of an order of sale to a sheriff, constable or federal marshal, directing the sheriff, constable or federal marshal to seize and sell the Property in satisfaction of the Loan Agreement debt.

### VII.     CAUSE OF ACTION – TRESPASS TO TRY TITLE

19.     Plaintiff seeks a declaration and judgment that the defendants will be divested of all of their right, title and interest in the Property and that all of Decedents' and defendants' right, title, and interest in the Property will be vested in the purchaser at the foreclosure sale.  Title as to both Plaintiff and defendants is derived from a common source.

### VIII.     CAUSE OF ACTION – WRIT OF POSSESSION

20.     If Plaintiff is the winning bidder at a foreclosure sale and any defendant or someone through any defendant occupies or claims possession of the Property after transfer of all right, title, and interest in the Property in favor of Plaintiff, Plaintiff requests a writ of possession against the occupant.

### IX.     ATTORNEY FEES

21.     Because of the material breach of the Loan Agreement, Plaintiff is entitled to recover reasonable and necessary attorneys' fees under the terms of the Loan Agreement.  Attorneys' fees are not sought as a personal judgment against the defendants, but only as an additional debt secured by the Security Instrument.

22.     All conditions precedent have been performed or have occurred.

# PRAYER

For these reasons, Plaintiff Freedom Mortgage Corporation requests that defendants be cited to appear and answer, and the Court enter judgment:

a. Declaring that all of Decedents' heirs at law have been made parties to this suit and are vested with all of Decedents' right, title and interest in the Property;

b. Declaring that Plaintiff has a statutory probate lien interest in the Property;

c. Declaring that Plaintiff's lien interest in the Property through the Security Instrument and statutory probate lien shall be enforced by a non-judicial foreclosure in accordance with Texas Property Code section 51.002—or alternatively, a judicial foreclosure—and that, through the foreclosure, the defendants are divested and the purchaser at foreclosure sale is vested with of all of Decedents' and defendants' right, title, and interest to the Property;

d. Ordering that a writ of possession shall issue against any occupant of the Property if defendant or person occupying through them continues to occupy the Property after foreclosure sale where Plaintiff is the winning bidder;

e. Awarding attorney fees and costs of suit; and

f. Granting all other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

*/s/ Dustin C. George*
**Dustin C. George**
Texas Bar No. 24065287
dustin.george@mwglegal.com
**MILLER, WATSON & GEORGE, P.C.**
5550 Granite Parkway, Suite 245
Plano, Texas 75024
Phone: (469) 518-4975
Fax: (469) 518-4972

*Attorney for Plaintiff*
*Freedom Mortgage Corporation*